UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RODNEY HOLDER AND JEANELL HOLDER                    PLAINTIFFS

VS.                          CIVIL ACTION NO.: 3:20-cv-557-TSL-RPM

STATE FARM FIRE AND CASUALTY COMPANY                    DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiffs Rodney and Jeanell Holder filed the present
action asserting claims for breach of contract, bad faith,
breach of the duty of good faith and fair dealing, conversion
and constructive trust/unjust enrichment, all based on
allegations that defendant State Farm Fire and Casualty Company
(State Farm), their homeowners insurer, wrongfully denied their
claim(s) for hail and wind damage to the roof of their Brandon,
Mississippi home.  The parties have filed cross-motions for
summary judgment pursuant to Federal Rule of Civil Procedure 56.
Additionally, State Farm has filed related motions based on
Federal Rule of Evidence 702 and Daubert v. Merrell Dow
Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed.
2d 469 (1993), to exclude testimony and opinions of two of
plaintiffs' expert witnesses, Joseph Martin and Neil Parker, and
plaintiffs have moved to exclude the testimony and opinions of
State Farm's expert, Blake Partridge.  These motions, having now

1

been fully briefed by the parties, are before the court for resolution.

### BACKGROUND

Plaintiffs' State Farm policy provides coverage for "accidental direct physical loss" from, among other perils, wind and hail.  In April 2020, plaintiffs initially filed a claim with State Farm for alleged damage to their roof from a March 4, 2020 hail storm.  State Farm sent an adjuster to their home, who purportedly investigated and determined there was no hail damage.  State Farm promptly denied plaintiffs' claim by letter dated April 15, 2020, which recited:  "Our investigation did not reveal any accidental direct physical loss to your roof. Accordingly, we are unable to issue payment for your roof." After plaintiffs contacted a roofing contractor, who examined the roof and concluded that there was hail damage, plaintiffs requested that State Farm send a different adjuster to inspect the roof.  State Farm dispatched a second adjuster to plaintiffs' home, who purportedly examined and photographed the parts of the roof that plaintiffs' roofing contractor had indicated sustained hail damage.  The adjuster sent his information to State Farm, which again denied the claim on the basis that its "inspection did not reveal any accidental direct physical loss to your roof."  At the suggestion of their State

2

Farm agent, plaintiffs submitted a second claim to State Farm for alleged storm damage to the roof.  State Farm sent another adjuster to inspect the roof for damage, following which it denied plaintiffs' claim by letter dated June 23, 2020, again citing the lack of "any accidental direct physical loss to your roof."

Plaintiffs maintain that there was, in fact, hail damage to their roof from a March 4, 2020 hail storm, and that State Farm's denial of their claims on the basis that there was no "accidental direct physical loss" is a breach of their policy. They further insist that State Farm's investigation, handling and denial of their claims was a breach of its duty of good faith and fair dealing and in bad faith.  More particularly, plaintiffs assert that (1) State Farm breached its duty to investigate and to make a realistic evaluation of their claims because, while it sent out three different adjusters under the guise of investigating their claims, the adjusters were reckless and grossly negligent in their inspections to such an extent that there was never a complete and accurate inspection; and (2) State Farm utilized a definition of "damage" to deny their claim which is contrary to the terms of their insurance policy.

Having considered the parties' arguments and evidence, the court is not persuaded that either party has demonstrated that

3

it is entitled to summary judgment, or to partial summary judgment.

### SUMMARY JUDGMENT MOTIONS

Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The party that moves for summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrates the absence of a genuine issue of material fact."  Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986)).  "If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response."  Id.  If the movant does meet this burden, the nonmovant is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial.  Id. (citing Celotex, 477 U.S. at 323; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986)).  On cross-motions for summary judgment, the court "review[s] each party's motion independently, viewing the evidence and inferences in the light

4

most favorable to the nonmoving party."  <u>Amerisure Ins. Co. v.</u>
<u>Navigators Ins. Co.</u>, 611 F.3d 299, 304 (5th Cir. 2010) (internal
citation and quotation omitted).

   <u>Breach of Contract</u>

   Although State Farm has purported to move for summary
judgment on all of plaintiffs' claims, its motion does not
address plaintiffs' claim for breach of contract.  Rather, State
Farm argues only that it is entitled to summary judgment because
plaintiffs have failed to prove that it denied their claims
without a legitimate or arguable reason and with malice or gross
negligence.  Conversely, plaintiffs affirmatively argue in their
own motion that they are entitled to summary judgment on their
breach of contract claim based on what they contend are
undisputed facts which demonstrate that they had a valid
contract; they sustained a covered loss; and yet State Farm
denied their claim.  In the court's opinion, there are obviously
genuine issues of material fact as to whether plaintiffs
sustained a covered loss and summary judgment is not appropriate
for either party on plaintiffs' breach of contract claim.

   <u>Bad Faith/Breach of the Duty of Good Faith and Fair</u>
   <u>Dealing/Conversion</u>

   The Fifth Circuit has summarized Mississippi law on claims
of breach of the duty of good faith and fair dealing/bad faith,

5

as follows[1]:

> Under Mississippi law, insurers have a duty "to perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation" and may be liable for punitive damages for denying a claim in bad faith.  Liberty Mut. Ins. Co. v. McKneely, 862 So. 2d 530, 535 (Miss. 2003); U.S. Fid. & Guar. Co. v. Wigginton, 964 F.2d 487, 492 (5th Cir. 1992).  The [plaintiff insureds] bear the burden of proving that State Farm acted in bad faith when it denied their insurance claim.  Wigginton, 964 F.2d at 492.
>
> Section 11-1-65(1)(a) of the Mississippi Code Annotated states that "[p]unitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud."  Mississippi law does not permit parties to recover punitive damages unless they first prove that they are entitled to compensatory damages.  MISS. CODE ANN. § 11-1-65(1)(b)-(c); [Sobley v. S. Natural Gas Co., 302 F.3d 325, 330 (5th Cir. 2002)].
>
> To recover punitive damages for bad faith denial of their insurance claim, the [plaintiffs] "must show that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights."  Wigginton, 964 F.2d at 492.  State Farm, on the other hand, "need only show that it had reasonable justifications, either in fact or in law, to deny payment."  Id.  The question of whether State Farm had an arguable basis for denying the [plaintiffs'] claim "is an issue of law for the court."  Id.  Insurers who are not liable for punitive

---

[1]  Mississippi substantive law governs plaintiffs' claims since the court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.  State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC, 751 F.3d 684, 688 (5th Cir. 2014) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

damages may nonetheless be liable for "consequential or extra-contractual damages (e.g., reasonable attorney fees, court costs, and other economic losses)" where their decision to deny the insured's claim is without "a reasonably arguable basis" but does not otherwise rise to the level of an independent tort.  <u>Andrew Jackson Life Ins. Co. v. Williams</u>, 566 So.2d 1172, 1186 n.13 (Miss. 1990); <u>see also Sw. Miss. Reg'l Med. Ctr. v. Lawrence</u>, 684 So. 2d 1257, 1267-69 (Miss. 1996) (reversing an award of punitive damages but affirming an award of consequential damages including, <em>inter alia</em>, compensation for the plaintiff's reasonably foreseeable emotional distress following the denial of her claim).

<u>Broussard v. State Farm Fire & Cas. Co.</u>, 523 F.3d 618, 627-28 (5th Cir. 2008).[2]

State Farm insists it has shown the existence of reasonable justification for its payment denials, namely, its reliance on the judgment, experience and conclusions of three licensed adjusters, each of whom, according to State Farm, "independently determined the property was not damaged by the claimed causes of loss."  It submits that this legitimate or arguable reason for its denial forecloses plaintiffs' claim for extra-contractual damages, and, coupled with the absence of proof from plaintiffs

---

2    In addition to their claims of bad faith and breach of the duty of good faith, plaintiffs have asserted that State Farm's intentional denial of their covered claim without a legitimate or arguable reason amounted to conversion.  State Farm argues that the same reasons that support summary judgment on plaintiffs' bad faith claim also support summary judgment on plaintiffs' conversion claim.  <u>See</u> <u>Wesley v. Union Nat. Life</u>, 919 F. Supp. 232 (S.D. Miss. 1995) (conversion claims dismissed where no "bad faith" claim denial established).

to support a finding of malice or gross negligence, is dispositive of plaintiffs' claim for punitive damages, as well. Plaintiffs, on the other hand, contend that they are entitled to summary judgment on their bad faith/breach of the duty of good faith and fair dealing because the undisputed evidence plainly shows that State Farm's adjusters' putative inspections of their roof were grossly inadequate, and that State Farm's purported conclusion that there was no covered loss was patently baseless.

Plaintiffs have presented evidence which one might reasonably view as demonstrating that State Farm's adjusters failed to adequately investigate plaintiffs' claims, and which also tends to suggest that State Farm's denial decision was (or at least may have been) based on an unsupported interpretation of the policy. They have not shown, however, that the facts are undisputed so as to entitle them to judgment as a matter of law.

For its part, State Farm declares in its summary judgment memoranda that it had a legitimate or arguable reason for denying plaintiffs' claims in that each of the adjusters it assigned to investigate plaintiffs' claims determined that the property was not damaged by the claimed causes of loss. State Farm has not explained precisely what it means by this, however. It has not stated, for example, whether it determined that hail did not strike plaintiffs' roof, or whether it concluded,

instead, that hail did impact the roof but did not cause damage. And if State Farm concluded there were hail strikes, it has not explained its basis for concluding that hail strikes did not result in covered damage. That is, it does not identify or explain how it interpreted and applied relevant policy provisions and definitions applicable to plaintiffs' claim.[3] This would be problematic in any case but is particularly so here in view of plaintiffs' motion to strike certain testimony of Blake Partridge, a forensic engineer designated by State Farm to provide testimony "regarding the condition of the plaintiffs' roof at the time of his inspection of the roof and whether its condition is the result of hail damage or other causes."[4] Partridge has purported to opine that plaintiffs' roof did not sustain any hail or wind damage on the basis of an engineering

---

3    In support of its motion, State Farm presented evidence of the *fact* that it promptly dispatched three adjusters to inspect the roof. It presented little to no evidence of the substance of the inspections or the findings and/or conclusions of the adjusters, and it presented no evidence that it actually relied on the findings and/or conclusions of the adjusters in denying plaintiffs' claims. In response to the motion, plaintiffs submitted as exhibits excerpts from State Farm's claims file that are somewhat illuminating on these matters and support an inference that State Farm relied on the adjusters' findings/conclusions. That said, it is not apparent to the court what each adjuster found and/or concluded, nor is it apparent that their findings were fully consistent.

4    That motion is addressed, infra pp. 16-20.

definition of the term "damage" that, in the court's opinion, is not supported by the policy.[5]  While State Farm opposes the motion to exclude, it also asserts that its payment decisions were made long before Partridge gave his expert opinion and were not based on Partridge's opinions, so that it is entitled to summary judgment even without consideration of Partridge's testimony.  What State Farm does not say, though, is what its payment decisions were based on, other than the conclusions of its adjusters; and it does not say specifically what the basis was for their conclusions.  On the present record, and especially in view of the lack of a clear explanation from State Farm for the actual basis for its denial, and the possibility that it denied the claim based on an interpretation of the policy lacking in arguable support, the court is not able to rule definitively that State Farm had a legitimate or arguable reason to deny coverage and must therefore deny State Farm's motion for summary judgment on plaintiffs' bad faith/breach of duty of fair dealing claims.

It does not necessarily follow that the jury will be given an extra-contractual damages instruction or that the issue of punitive damages will be submitted to the jury for

---

5    See infra n.7.

consideration.  Rather, after hearing testimony and reviewing documentary evidence at trial, the court will be more informed and better able to determine whether the jury should be allowed to consider punitive damages or extra-contractual damages.  See McLaurin v. Church Mut. Ins. Co., No. 2:12CV235-KS-MTP, 2013 WL 6805125, at *8 (S.D. Miss. Dec. 20, 2013) (observing that court would be in better position after hearing and reviewing evidence at trial to decide whether these issues should be submitted to jury).

Constructive Trust

Plaintiffs request imposition of a constructive trust on the policy benefits to which they claim they are entitled and which State Farm has failed to pay and wrongfully retained. State Farm seeks summary judgment on this claim in accordance with Judge Starrett's holding in Mahli v. Admiral Insurance Co., in which he dismissed claims for unjust enrichment and constructive trust, reasoning that "[t]he existence of an actual contract negates a claim for unjust enrichment"; "[a] constructive trust is a judicially imposed remedy used to prevent unjust enrichment when one party wrongfully retains title to property"; so that "[t]he remedy of a constructive trust is unavailable to [plaintiff] since it cannot recover on its underlying cause of action for unjust enrichment…."  No.

11

1:14cv175-KS-MTP, 2015 WL 4915701, at *28, (S.D. Miss. Aug. 18, 2015).  Plaintiffs do not address State Farm's argument, which the court finds has merit.  The constructive trust claim will therefore be dismissed.

Damages for Decrease in Value of Plaintiffs' Residence

Plaintiffs alleged that as a result of defendant's bad faith breach of contract, they have suffered "substantial actual, economic and compensatory damages, including but not limited to benefits withheld … [and] loss of value to the Plaintiffs' Residence …, for … which they are entitled to be compensated…."  State Farm seeks summary judgment on plaintiffs' claim for the alleged loss of value to the residence, contending that damages for the alleged breach are limited to those provided by the policy, which in this case, is repair or replacement of the roof.  Plaintiffs argue that the loss in value was a foreseeable proximate result of State Farm's having denied their claim without a legitimate or arguable reason and that damages for this loss are recoverable extra-contractual damages.  See Fulton v. Mississippi Farm Bureau Cas. Ins. Co., 105 So. 3d 284, 289 (Miss. 2012) ("Extracontractual damages are awarded when punitive damages are not, and are intended to cover reasonably foreseeable costs and expenses….").  Plaintiffs' position is without merit.  If plaintiffs prevail on their claim

12

for breach of contract, they will be entitled to recover damages based solely on the terms of the policy, which provide only for the cost to "repair or replace" covered damage and do not cover diminution in value of the residence resulting from damage to the roof.  See Blakely v. State Farm Mut. Auto. Ins. Co., 406 F.3d 747, 753 (5th Cir. 2005) (concluding that because plain reading of the distinct, unambiguous policy language expressly defined the limited alternatives of the "cost of repair or replacement," the policy did not provide for additional recovery by insureds of any diminished value).  Even if they were to prevail on their claim that State Farm lacked a legitimate or arguable reason for denying their claim, making an award of extra-contractual damages appropriate, such damages would not include any loss of value, for they would have already been compensated for their foreseeable loss by the recovery of contractual damages to repair or replace the damage to the roof. Accordingly, State Farm is entitled to summary judgment on plaintiffs' claim for alleged loss of value to the residence.

**DAUBERT MOTIONS**

The parties have filed motions to exclude or limit proposed expert witness opinions and testimony based on Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

Rule 702, which governs the admissibility of expert testimony, states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Expert testimony is admissible under this rule only if it is both relevant and reliable; and district courts are charged with ensuring that both criteria are satisfied before an expert's testimony is admitted.  Johnson v. Arkema, Inc., 685 F.3d 452, 459 (5th Cir. 2012) (citing Daubert, 509 U.S. at 597).  The reliability requirement "mandates that expert opinion be grounded in the methods and procedures of science and ... be more than unsupported speculation or subjective belief."  Id. "The relevance prong requires the proponent to demonstrate that the expert's reasoning or methodology can be properly applied to the facts in issue."  Id.  The burden is on the party offering expert testimony to establish by a preponderance of the evidence that the challenged testimony is admissible.  Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998) (citing Daubert,

14

509 U.S. at 592-93, and Fed. R. Evid. 104(a)).

The court in Daubert emphasized that a court's gatekeeper role with respect to expert testimony is not a replacement for cross-examination or the role of the jury in evaluating credibility and the weight afforded to expert testimony.  See Daubert, 509 U.S. at 596, 113 S. Ct. 2786.  "[T]he court's role is limited to ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue so that it is appropriate for the jury's consideration."  Puga v. RCX Sols., Inc., 922 F.3d 285, 294 (5th Cir. 2019).  "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."  Id.  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  Daubert, 509 U.S. at 596, 113 S. Ct. 2786.6

---

6     State Farm objects that plaintiffs' motion to exclude is in substance a premature motion in limine based on Rule 403 and not a Daubert motion.  In addition to contending his testimony is irrelevant, plaintiffs do object that Partridge's testimony would be misleading and confusing.  However, the Supreme Court instructed in Daubert that "a judge assessing a proffer of expert scientific testimony under Rule 702 should also be mindful of other applicable rules," including Rule 403, which permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of"

<u>Plaintiff's Motion to Exclude: Blake Partridge</u>

Blake Partridge, the forensic engineer designated by State Farm to provide testimony "regarding the condition of the plaintiffs' roof at the time of his inspection of the roof and whether its condition is the result of hail damage or other causes," opined in his expert report that hail up to ½ inch in diameter fell at plaintiffs' residence, but he concluded that "[t]he house and outbuilding roof coverings are not damaged by hail impacts."  In so concluding, Partridge, an employee of Donan Engineering, defined hail damage to asphalt singles as "an identifiable mark caused by hail that has measurably reduced the integrity or functionality of the overall shingle, where the shingle was sound prior to the hail impact."  In his deposition, Partridge explained that this is Donan's definition of damage and testified that based on this definition, hail damage does not occur "when hail strikes an asphalt shingle that is nearing the end of its life expectancy and causes a mark [and]

---

among other things, "confusing the issues" or "misleading the jury."  <u>Daubert</u>, 509 U.S. at 595, 113 S. Ct. 2786 (quoting Fed. R. Evid. 403).  Because "[e]xpert evidence can be both powerful and quite misleading … the judge in weighing possible prejudice against probative force under Rule 403 [should] exercise[] more control over experts than over lay witnesses."  <u>Id.</u>, 113 S. Ct. 2786 (quoting Jack B. Weinstein, <u>Rule 702 of the Federal Rules of Evidence Is Sound; It Should Not Be Amended</u>, 138 F.R.D. 631, 632 (1991)).

additional loss of granules." That is, according to Partridge,
a shingle can only be damaged if it is sound prior to hail
impact. Plaintiffs contend that in accordance with Federal Rule
of Evidence 702, Partridge's testimony should be excluded, or,
alternatively, limited, as it is based on a definition of
"damage" that is contrary to the terms of their State Farm
policy and hence irrelevant, and would, if allowed, likely be
misleading and confusing to a jury.

In response to plaintiffs' motion, State Farm does not
contend that Partridge's opinion relates to the question of
whether plaintiffs' roof sustained "damage" that would be
covered under State Farm's policy. On the contrary, State Farm
expressly acknowledges that Partridge's definition and
discussion of "damage" is not specific to State Farm's policy
and is instead based on "engineering principles and standards";
but State Farm maintains that this does not affect the
reliability of his opinions. That may be true, at least in
theory; but in addition to being reliable, expert testimony must
also be relevant, i.e., the expert's reasoning or methodology
must be applicable to the facts in issue, because, as State Farm
acknowledges, irrelevant expert testimony is not "helpful" under
any interpretation of Rule 702 or <u>Daubert</u>. The ultimate "fact
in issue" in this case is whether plaintiffs' roof sustained

"damage" covered under the terms of their State Farm policy. That determination can only be made by reference to the terms of plaintiffs' State Farm policy.  Partridge applied an engineering definition in concluding there was no "damage" to plaintiffs' roof, with no consideration of the actual terms of the policy; and the engineering definition he used is not a definition supported under the terms of the policy.[7]  Thus, consistent with Rule 702 and Daubert, Partridge will not be allowed to testify regarding Donan's definition of "damage" or to testify or offer

---

[7]    Issues of policy interpretation are for the court. Gulfport-Brittany, LLC v. RSUI Indem. Co., No. 107CV1036HSO-JMR, 2008 WL 4951468, at *4 (S.D. Miss. Nov. 7, 2008), aff'd, 339 F. App'x 413 (5th Cir. 2009) (citing Leonard v. Nationwide Mut. Ins. Co., 499 F.3d 419, 429 (5th Cir. 2007).  Under applicable Mississippi rules of contract construction, unambiguous language of the policy is controlling; however, where the language is ambiguous, i.e., is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage, the policy must be interpreted liberally in favor of the insured and against the drafter.  Centennial Ins. Co. v. Ryder Truck Rental, Inc., 149 F.3d 378, 382 (5th Cir. 1998); U.S. Fid. & Guar. Co. of Miss. v. Martin, 998 So. 2d 956, 963 (Miss. 2008).  State Farm's policy provides coverage for "accidental direct physical loss" from wind and hail but does not define "accidental direct physical loss" or any of the individual terms, and, as far as the court has found, does not otherwise purport to limit coverage to "damage" that "has measurably reduced the integrity or functionality of the overall shingle," nor does it purport to limit coverage "to damage" to a roof (or shingles) that is "sound" or at a certain stage of its useful life.  The policy is at least ambiguous and would appear to cover any physical damage, irrespective of the prior age or condition of the roof.  Notably, State Farm does not explain how it has interpreted or applied the phrase "accidental direct physical loss."

opinions about whether there was "damage" to plaintiffs' roof under Donan's definition of "damage."  Cf. Kaw Drive, LLC v. Secura Ins., No. 19-2238-JWL, 2020 WL 6136131, at *1 (D. Kan. Oct. 19, 2020) (prohibiting expert from referring specifically in his testimony to "damage" to the roof where his opinion was based on engineering definition of functional damage to mean a roof's diminished water-shedding capability or life expectancy but policy did not limit coverage to functional damage and instead was conceded to cover even cosmetic, non-functional damage, such as a dent); Hahn v. United Fire & Cas. Co., No. 6:15-CV-00218 RP, 2017 WL 1289024, at *4 (W.D. Tex. Apr. 6, 2017) (excluding plaintiff's expert's testimony based on definition of damage not supported by policy, and stating, "In light of Phelps's definition of damage, however, it would be impossible for the Court or a jury to determine whether the damage he is discussing in his analysis or conclusion is damage that is covered by the policy applicable in this case.  In other words, under Rule 702(d), Phelps's report indicates that he has not reliably applied the principles and methods he employs to the facts of this case, which include the relevant policy.").

    That said, the court recognizes that Partridge's proposed expert testimony is not limited to the issue of whether alleged hail strikes or wind caused "damage" to the roof but also

includes his analysis and opinion strictly about causation, i.e., whether certain places on the roof identified by plaintiff as having been impacted by hail or affected by wind were, in fact, impacted or affected by hail or wind.  In the court's opinion, his testimony on these issues relating to causation satisfies the requirements of reliability and relevance and therefore will be allowed.

State Farm's Motion to Exclude: Joseph Martin

Plaintiffs have designated Joseph Martin as an expert "in the fields of residential and commercial roof repair or replacement, evaluation of residential roof damage caused by weather events, including hail, and the cost of residential roof repair or replacement due to damage caused by weather events, including hail…."  Martin's expert report reflects his opinion that "a complete roof repair replacement [of plaintiffs' roof] is necessary due to hail damage from the March 4, 2020 hailstorm."  State Farm objects that Martin's opinions are not reliable, for a variety of reasons, including that he is unqualified to render most of his opinions regarding causation, including his interpretation of weather or mapping data concerning the size, location and proximal effect of hail damage; his opinions are based on incorrect, insufficient, unreliable "cherry-picked" data; his estimate is inaccurate and

incomplete; and he has a financial interest in the outcome of the case in that he expects to get the job of replacing the roof if plaintiffs are successful in this litigation.  The court has reviewed Martin's report and those portions of his deposition testimony submitted by the parties, including information relating to his qualifications and the data on which he relied and the methods by which he arrived at his opinions, and finds that his proposed testimony is both relevant and reliable. State Farm has obviously identified several bases on which it may legitimately challenge Martin's opinions by rigorous cross-examination, but the court is persuaded that his testimony may properly be admitted.

<u>State Farm's Motion to Exclude: Neil Parker</u>

State Farm has moved to exclude the expert testimony and opinions of plaintiffs' real estate expert, Neil Parker, that plaintiffs' residence is worth $60,000 less due to roof damage, on the basis, among others, that Parker's proposed testimony is irrelevant.  As the court has concluded that State Farm is entitled to summary judgment on plaintiffs' claim for damages for loss of value of the residence, the motion to exclude Parker will be granted.

<u>Conclusion</u>

Based on the foregoing, it is ordered that State Farm's

21

motion for summary judgment is denied, except as to plaintiffs'
claim for damages for loss of value of their residence;
plaintiffs' motion for summary judgment is denied; plaintiff's
motion to exclude testimony and opinions of Blake Partridge is
granted, as set forth herein; State Farm's motion to exclude
testimony and opinions of Neil Parker is granted; and State
Farm's motion to exclude testimony and opinions of Joseph Martin
is denied.

SO ORDERED this 21ST day of October, 2021.


                              /s/TOM S. LEE
                              UNITED STATES DISTRICT JUDGE